IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH, and WELCH RACING, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID WRIGHT, and DOUBLE OO SHITSHOW, et al., <br><br> Defendants. | 4:23CV3128 <br><br> **MEMORANDUM AND ORDER** |

Plaintiffs Brendan Welch ("Welch") and Welch Racing LLC ("WR") (collectively "Plaintiffs") filed a motion to appoint counsel, Filing No. 11, into Lead Case Number 4:23-CV-3128, and into all ten Member Cases 4:23-CV-3134, Filing No. 9, 4:23-CV-3135, Filing No. 9, 8:23-CV-305, Filing No. 12, 8:23-CV-306, Filing No. 12, 4:23-CV-3139, Filing No. 9, 4:23-CV-3141, Filing No. 9, 4:23-CV-3142, Filing No. 9, 4:23-CV-3147, Filing No. 10, 4:23-CV-3149, Filing No. 10, and 4:23-CV-3150 Filing No. 8, (collectively the "Consolidated Cases"), which have previously been consolidated with the Lead Case.[1] See Filing No. 9 (the "Consolidation Order").

As an initial matter, in the Consolidation Order Plaintiff was instructed to file only into the Lead Case, Case Number 4:23-CV-3128. Id. at 32. To be clear, Plaintiff need

---

[1] Plaintiff also included a motion for counsel in unrelated case No. 8::23-CV-318, Filing No. 10, in the motion for counsel in the instant matter. Filing No. 11. As that case is not part of the Consolidated Cases the motion to appoint counsel filed into case No. 4:23-CV-318 shall not be addressed here.

only file into the Lead Case when addressing anything related to the Lead and Member Cases. The Member Cases have been administratively closed. *Id.* at 8. Any filings into those cases shall not be addressed by this Court.

In relation to Plaintiffs' current motion to appoint counsel, Filing No. 11, Plaintiffs filed similar motions in the Lead and Member cases, and the motion to appoint counsel filed into the Lead Case was denied without prejudice in the Consolidation Order whereas the counsel motions filed in the Member Cases were not addressed individually due to the consolidation. Filing No. 9 at 30–31. As cause for the instant motion for appointment of counsel, Plaintiffs allege the matters in the Consolidated Case are "very complex" involving "nearly 40 individuals or corporations/entities listed in the original complaints with nearly 90 individuals and entities to be listed upon amendments," that Plaintiffs have met with multiple attorneys and they agree the case is complex, especially due to the conspiracy claims and "multitude of crimes and wrongdoings," and that Plaintiffs are "overwhelmed and need help." Filing No. 11 at 2–3. While the Court agrees that Plaintiffs' case is complicated by the number of defendants Plaintiffs apparently intend to name, this does not otherwise seem to be an exceptional case.

To the extent Plaintiffs seek relief which cannot be granted by this Court, such as seeking the bringing of criminal charges, of which this Court has no jurisdiction to perform, *see e.g. Juste v. Marie Brennan*, No. CV 4:16-3757-MGL-TER, 2016 WL 7669500, at *3 (D.S.C. Dec. 19, 2016), *report and recommendation adopted,* No. CV 4:16-03757-MGL, 2017 WL 86134 (D.S.C. Jan. 10, 2017) ("a plaintiff filing a civil case cannot bring a criminal case against another person." (citing *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990))), there is no need to appoint counsel as those claims cannot proceed. Plaintiff

also brought claims under various criminal statutes which Plaintiff has been previously instructed that he cannot proceed under, rendering appointment of counsel for those claims also unnecessary. *See* Filing No. 9 at 25, n. 3 (explaining no private right of action exists under federal criminal statutes).

Moreover, Plaintiffs also seek appointment of counsel for WR, an LLC. Filing No. 11. However, a federal court may not appoint counsel on behalf of an entity in a civil matter as Section 1915(e)(1) indicates that a court "may request an attorney to represent any *person* unable to afford counsel." 28 U.S.C. § 1915(e)(1) (2009) (emphasis added). As "the term 'person,' as used in [§ 1915(e)(1)], refers only to natural persons and thus does not cover artificial entities, such as corporations," *Alli v. United States*, 93 Fed. Cl. 172, 182 (2010) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 202–04 (1993)), appointing counsel for an LLC is inappropriate. As previously instructed, *see* Filing No. 9 at 23, Plaintiff WR must obtain counsel to proceed in this case. As this Court cannot appoint counsel for WR, any claims brought by WR must be addressed by independent counsel, alleviating Plaintiff Welch from addressing those claims pro se. As such, Plaintiffs' motion for appointment of counsel, to the extent it applies to WR, shall be denied with prejudice.

In relation to Plaintiff Welch, and as noted in the Consolidation Order, *id.* at 30, while a district court "may" request an attorney to represent Welch under 28 U.S.C. § 1915(e)(1), "[r]elevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94

F.3d 444, 447 (8th Cir. 1996)).  Here, despite Plaintiff's contention that the case is complex, Plaintiff appears able to articulate his claims.

Upon previous review of the complaints filed in the Lead and Member cases, the Court noted Plaintiffs alleged the following claims which potentially *may* proceed involving related parties: Invasion of privacy, forgery, "mass marketing fraud," impersonation, "stalking and harassing, committing fraud, unlawful use of name and likeness, trademark and copyright infringement, conspiracy, defamation and defamation of character, false light, invasion of privacy, libel, slander, intentional infliction of emotional distress, intentional interference with business, spreading of disinformation, negligent infliction of emotion distress, failure to act, and dereliction of duty, attack on honor/reputation, violations of 17 U.S.C. § 501 as well as generalized claims of "deprivation of rights," and "human rights violations."  *See* Filing No. 9 at 9–20 (listing parties and summarizing claims alleged in Lead and Member complaints).  These are not particularly difficult claims to plead.

At this stage of the proceeding in a diversity case, also as previously discussed in the Consolidation Order, Welch must name all defendants, allege citizenship for each one, set forth each claim and the defendants to which he intends to bring the claim against, and then set forth facts to support each claim against each defendant.  *See Id. at 23–29*.  While Welch alleged multiple claims with enough specificity for this Court to determine the nature of the claim intended, the complaints lacked facts to support those claims and it was unclear which defendants were attached to each claim.  With exception to Plaintiffs' allegations involving fraud, Plaintiff need only satisfy Federal Rule of Civil Procedure 8, which as previously noted, requires only a general statement explaining

4

what was done and by whom for a claim to proceed. *Id.* at 27–30. Put another way, Welch needs to supply facts, not simple conclusions, connecting the claims alleged to the actions of each defendant, so this Court is able to determine if the facts alleged fulfill the elements of each claim. Welch is in possession of the facts needed for the case to proceed, and based on the multitudes of filings already made, is fully capable of articulating them on paper.

While addressing this number of claims and parties to comply with pleadings standards required to pass initial review will undoubtably take time, the time-consuming nature of a case does not in and of itself warrant appointment of counsel. *See Cambria Cap., LLC v. Fusaro*, No. 221CV00428DBBJCB, 2022 WL 875923, at *2 (D. Utah Mar. 24, 2022) (appointment of counsel is not appropriate simply because "litigation may be difficult and time consuming"). Moreover, complying with this Court's order need not be unnecessarily arduous. Welch need not list each individual claim against each individual defendant. For example, it is enough for Welch to allege a claim of "false light" as a single claim and list the name of all defendants to which that claim applies, provide facts that support his false light claim as to each defendant, and then move onto the next claim.

The Court reiterates that on initial review, pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). However, at this initial review stage of the proceedings, the allegations in the complaint are "taken

5

as true" so Welch need only to provide enough facts to generally support each claim. *See e.g. Wolfbauer v. Ocwen Loan Servicing, LLC*, No. 8:18CV13, 2018 WL 11513422, at *3 (D. Neb. Apr. 6, 2018); *Peterson v. Prosser*, No. C08-4005-MWB, 2008 WL 835728, at *1 (N.D. Iowa Mar. 25, 2008), *report and recommendation adopted*, No. C08-4005-MWB, 2008 WL 1836665 (N.D. Iowa Apr. 23, 2008). Proving the factual assertions supporting the claims pleaded under Rule 8 does not occur at this stage of the proceeding.

Even in relation to Welch's claims alleging fraud, whereby Federal Rule of Civil Procedure Rule 9(b) requires such claims to be stated "with particularity" including "matters as the time, place and content of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up," *Commercial Property Inv., Inc. v. Quality Inns Int'l, Inc.,* 61 F.3d 639 (8th Cir.1995) (citing *Bennett v. Berg,* 685 F.2d 1053, 1062 (8th Cir.1982), *adhered to on reh'g,* 710 F.2d 1361 (8th Cir.), *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983)), Welch should be able to address the noted deficiencies. Under Rule 9, "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient." *Id.* (citing *In re Flight Transp. Corp. Sec. Litig.,* 593 F.Supp. 612, 620 (D.Minn. 1984)). As such, to the extent Welch amends the complaint to contain fraud claims, Welch must provide the Court with additional factual details to proceed that Rule 8 does not require. However, again, as Welch possesses the relevant facts relating to who did what, to whom, and when, Welch should be able to supply this information in support of his claims requiring more specific facts under Rule 9.

It is for these reasons that the Court finds appointment of counsel for Welch is unnecessary in this case at this time. Welch appears capable of articulating and

presenting his claims, and to the extent WR seeks to proceed in this case, counsel is required to do so. Further, the case does not present particularly complex factual or legal issues, and the Court is familiar with the applicable legal standards. As such, Plaintiffs' motion for appointment of counsel to the extent it applies to Welch, shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Motion for Counsel, Filing No. 11, as to Plaintiff Welch Racing LLC, is denied with prejudice.

2. Plaintiffs' Motion for Counsel, Filing No. 11, as to Plaintiff Welch is denied without prejudice to reassertion.

3. To the extent Plaintiffs' seek to file any other motions, pleadings, or documents into the any of the Consolidated Cases, Plaintiffs are instructed to file a motion into this Lead Case, No. 4:23-CV-3128, **only**. This includes any motion seeking additional time to comply with this Court's Consolidation Order, Filing No. 9, which must be filed prior to the expiration of time to comply with it.

4. The Clerk's Office is instructed to terminate all motions for counsel filed in the Member Cases as follows: Case Nos. 4:23-CV-3134, Filing No. 9, 4:23-CV-3135, Filing No. 9, 8:23-CV-305, Filing No. 12, 8:23-CV-306, Filing No. 12, 4:23-CV-3139, Filing No. 9, 4:23-CV-3141, Filing No. 9, 4:23-CV-3142, Filing No. 9, 4:23-CV-3147, Filing No. 10, 4:23-CV-3149, Filing No. 10, and 4:23-CV-3150 Filing No. 8,

Dated this 24th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge