IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH, and WELCH RACING,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID WRIGHT, and DOUBLE OO SHITSHOW, et al.,<br><br>Defendants. | 4:23CV3128<br><br>**MEMORANDUM AND ORDER** |

On September 1, 2023, Plaintiffs Brendan Welch ("Welch") and Welch Racing LLC ("WR") filed a motion for issuance of a temporary emergency injunction seeking a temporary injunction order prohibiting defendants from continuing acts related to claims of "infringement," false light, cyberstalking, cyberbullying, unauthorized use of name and likeness, misappropriation, various human rights violations, theft, harassment, and stalking, Filing No. 17, and on September 5, 2023, Welch filed a letter the Court construes as a motion seeking criminal charges against various defendants for alleged stalking and harassing, criminal trespass, criminal tampering, and other unspecified criminal behaviors, Filing No. 19.

In relation to the motion seeking criminal charges/penalties, as this Court has previously explained in this case: "Plaintiffs seek relief which cannot be granted by this Court, such as seeking the bringing of criminal charges, of which this Court has no

jurisdiction to perform." Filing No. 12 at 2. The Court reiterates, **criminal charges/penalties – are improper and <u>unavailable</u> in this civil action**. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); *see also Bailey v. Clarke*, 2012 WL 6720628, at *2 (S.D. Cal. Dec. 21, 2012); *Humphrey v. Internal Revenue Serv.*, No. 22-1052, 2022 WL 17728194, at *1 (2d Cir. Dec. 16, 2022) (criminal penalties including imprisonment are not available in civil suits). Moreover, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Doe v. Mayor and City Council of Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md.1990) ("The Court is not aware of a constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.")). As such the relief sought in the motion for criminal charges, Filing No. 19, is not available in this case and shall be denied with prejudice. Moreover, to the extent Plaintiffs continue to file motions seeking criminal penalties and charges in this action, those motions will summarily be denied.

Finally, to the extent Plaintiffs seek emergency injunctive relief relating to potentially cognizable claims, Filing No. 17, the allegations in the instant motion mirror Plaintiffs' Motion for emergency hearing, Filing No. 5, which was previously denied as premature because: (1) it was unclear what type of hearing Plaintiffs sought, or on what basis; and (2) all of the operative complaints filed by Plaintiffs were subject to summary dismissal unless amended and, upon review, allowed to proceed. Filing No. 9 at 29. Similar to the emergency hearing motion, because the Court has not completed a review of the amended complaints and supplements filed to determine if any of Plaintiffs' claims

may proceed, any injunctive relief addressing substantive matters is premature. As such, the motion for emergency injunctive relief, Filing No. 17, shall be denied.

Finally, Plaintiff has previously been warned that continuing to abuse the privilege of proceeding in forma pauperis by filing an inordinate number of pro se, in forma pauperis cases which either cannot proceed or require significant amendment, will result in filing restrictions. *See e.g.* Filing No. 9 at 7–8 ("**Welch is put on notice that if he continue[s] filing pro se cases that are severely deficient, filing restrictions may result.**") (bolding in original). It appears further warning is necessary.

While the Court tries to perform the review required under 28 U.S.C. § 1915(e) in a timely manner in order to allow viable claims to proceed, the initial review has not yet been completed. While review in this case has been exceptionally expedient based on the number of filings initiated by Plaintiffs, which has taken a significant amount of the Court's time to address, unfortunately little has been resolved as Welch and WR continue to disobey this Court's orders, resulting in additional delays.

For example, in this case Plaintiffs were given leave to file an amended complaint on August 21, 2023, and were instructed, if they so choose to file an amended complaint, to file it as a <u>single document</u>, and were given 30 days to do so. Filing No. 9 at 32 (emphasis added). However, instead of following this Court's order and taking the time to allege all claims and name all parties in a single document, Welch and WR filed an amended complaint a week later on August 28, Filing No. 13, followed by a supplement the day after on August 29, Filing No. 14, and then a subsequent amended complaint on September 1, Filing No. 15, another supplement on that same day, Filing No. 16, and another supplement on September 5, Filing No. 18. In the short tenure of this case, in

3

addition to the motions currently pending, Plaintiffs have previously filed two motions to appoint counsel, Filing No. 7 and Filing No. 11, and two "emergency" motions, Filing No. 5 and Filing No. 6, all of which have been denied as either premature, or non-cognizable, Filing No. 8, Filing No. 12.

While the September 15, 2023, deadline for filing an amended complaint has not yet passed, in addition to the motions already addressed by this Court, and the five documents characterized as either amended complaints or supplements thereto, which will take the Court a substantial amount of time to review and address, apparently Plaintiff is not done. In his motion for criminal charges filed on September 5, 2023, Welch indicated that he "will be back later to file motions for a gag order and/or emergency temporary injunction for [Welch's] safety[,] protection . . . physical[,] mental[,] and emotional well-being." Filing No. 19 at 2. Unfortunately it appears Plaintiffs believe that filing additional motions seeking similar or identical relief to motions already denied as premature or seeking relief this Court is unable to provide, instead of focusing time and energy on preparing an amended complaint that complies with this Court's prior orders, will render a different result.[1] While the Court cannot stop Plaintiffs from choosing to continue this path of non-compliance with the orders of this Court, **Plaintiffs are again warned that a failure to comply with this Court's orders may result in dismissal all of Plaintiffs' claims without prejudice and without further notice.**

---

[1] As a further example, Plaintiffs were instructed that WR may not proceed if counsel is not obtained for WR, Filing No. 9 at 23, yet Plaintiffs continue to name WR as a plaintiff in their Amended Complaints, Supplements, and motions filed in this case with no indication counsel has or will be obtained, *see* Filing No. 13, Filing No. 15, and Filing No. 17. To the extent WR intends to proceed with counsel, counsel for WR must make an appearance on WR's behalf or WR shall be dismissed from this action in accordance with this Court's prior orders.

IT IS THEREFORE ORDERED:

1. Plaintiffs Motion for emergency injunctive relief, Filing No. 17, is denied without prejudice.

2. Welch's Motion for criminal charges, Filing No. 19, is denied with prejudice.

3. **Welch is put on final notice that if he continues filing pro se in forma pauperis cases which are severely deficient or otherwise unable to proceed, and/or motions or other filings in those cases that are severely deficient, premature, or address matters that have been previously addressed where no relief is available, filing restrictions will result.**

4. **Plaintiffs are again warned that a failure to comply with this Court's orders may result in summary dismissal of motions and/or dismissal of Plaintiffs' claims against all Defendants without prejudice and without further notice.**

Dated this 7th day of September, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge