IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRENDAN WELCH, and WELCH RACING,

Plaintiffs,

vs.

DAVID WRIGHT, DOUBLE OO
SHITSHOW, CHARITY ET SHACK CHICK,
EASON L. WRIGHTIII, and PAT WRIGHT,

Defendants.

**4:23CV3128**

**MEMORANDUM AND ORDER**

The following motions filed by Plaintiffs Brendan Welch ("Welch") and Welch Racing LLC ("WR") (collectively "Plaintiffs") are before the Court: a motion to "Exclude/Closely Monitor Issue Gag order," Filing No. 20, a third motion to appoint counsel, Filing No. 22, and two motions the Court construes as seeking to serve process and to amend the complaint, Filing Nos. 25 and 28. Additionally, before the Court are motions to amend complaints filed in each of the "Member Cases" associated with this "Lead" case. *See* 4:23-CV-3134, Filing No. 13, 4:23-CV-3135, Filing No. 13, 8:23-CV-305, Filing No. 16, 8:23-CV-306, Filing No. 16, 4:23-CV-3139, Filing No. 13, 4:23-CV-3141, Filing No. 13, 4:23-CV-3142, Filing No. 13, 4:23-CV-3147, Filing No. 15, 4:23-CV-3149, Filing No. 14, and 4:23-CV-3150 Filing No. 12, (the "Member Case Filings").

For the reasons set forth below the Member Case Filings shall be terminated and will not be addressed by this Court. The motions to Exclude/Closely Monitor Issue Gag

order," Filing No. 20, and "to Add Additional Defendants [and] Motion to Grant Leave to File Alternative Service of Summons Requests" at Filing No. 28 shall be granted in part and denied in part.  The remaining motions shall be denied without prejudice.

### I.  The Member Case Filings

The instant case (the "Lead Case") was consolidated by this Court with the following cases, 4:23-CV-3134, 4:23-CV-3135, 8:23-CV-305, 8:23-CV-306, 4:23-CV-3139, 4:23-CV-3141, 4:23-CV-3142, 4:23-CV-3147, 4:23-CV-3149, and 4:23-CV-3150 (the "Member Cases"), on August 17, 2023.  *See* Filing No. 9 (the "Consolidation Order"). In the Consolidation Order, Plaintiffs were instructed to file only into the Lead Case, Case Number 4:23-CV-3128.  *Id.* at 32.

After failing to comply with the Consolidation Order via filing various motions into the Member Cases, Plaintiffs were again instructed that they "need only file into the Lead Case when addressing anything related to the Lead and Member Cases," that the Member Cases have been "administratively closed," and that "[a]ny filings into those cases shall not be addressed by this Court."  Filing No. 12 at 1–2.  However, Plaintiffs filed ten motions to amend, listing only the Lead Case number but noting "all member cases" below it, resulting in the following motions being filed in the Member Cases.  *See* 4:23-CV-3134, Filing No. 13, 4:23-CV-3135, Filing No. 13, 8:23-CV-305, Filing No. 16, 8:23-CV-306, Filing No. 16, 4:23-CV-3139, Filing No. 13, 4:23-CV-3141, Filing No. 13, 4:23-CV-3142, Filing No. 13, 4:23-CV-3147, Filing No. 15, 4:23-CV-3149, Filing No. 14, and 4:23-CV-3150 Filing No. 12 (the "Motions to Amend").

While it is unclear if Plaintiffs intended to file the Motions to Amend into the Lead or Member cases, they were filed into the Member Cases.  As such, in accordance with

the prior orders of this Court the Motions to Amend shall not be further addressed. Plaintiffs are again reminded to cease filing into the Member Cases as the Member Cases have been administratively closed.  Any filings into those cases shall not be addressed by this Court.  **To be clear, Plaintiffs should include only the Lead Case number, 4:23-CV-2128, on any document submitted for filing in the Lead Case.**  The Clerk shall be instructed to terminate all currently pending motions filed into the Member Cases.

## II. Motion to "Exclude/Closely Monitor Issue Gag order"

Plaintiffs filed a document titled "Motion to: Exclude/Closely Monitor Issue Gag Order," seeking removal of contact information for Plaintiffs including their addresses from "public record" and seeking to seal any correspondence filed by Plaintiffs into this case due to continued stalking and harassment by various individuals involved in the case. Filing No. 20.  The motion shall be denied in part and granted in part.

To the extent Plaintiffs seek to seal specific documents the motion will be denied because Plaintiffs did not file documents provisionally under seal as required by the Court's local rules. *See* NECivR 7.5(a)(2).  Moreover, while Plaintiffs apparently filed the documents they wish to seal directly into the case without the requisite motion to seal, it is unclear from the motion which specific documents Plaintiffs wish to seal.

Local Rule 7.5 governs "Sealed Documents and Objects" setting forth the following procedure for sealing:

> A party seeking to file a sealed document or object must electronically file a motion to seal.  The motion must state why sealing is required and whether redaction could eliminate or reduce the need for sealing.  A motion to seal is not required if the document or object is already subject to a protective order or included within a category of documents or objects considered sealed under a federal statute or rule of procedure, local rule, or standing order of this court.

3

NECivR 7.5(a)(1).  As the Court does not know which documents Plaintiffs seek to seal and as Plaintiffs failed to comply with Local Rule 7.5, the motion is denied.

To the extent Plaintiffs seek to have their address redacted from the docket, the motion is granted. The Clerk's Office shall be instructed to redact the Plaintiffs' address from the docket sheets of the Lead and Member cases.

### III.   Motion to Appoint Counsel

Plaintiffs filed a third motion to appoint counsel.  Filing No. 22.  While it is unclear from the motion if Plaintiffs again seek appointment of counsel for both Welch and WR or if the motion only applies to Welch, it ultimately makes no difference as the motion shall be denied regardless of which Plaintiff it was intended to apply to.

As an initial matter, to the extent Plaintiffs seek counsel for WR, their prior motion for counsel for WR was dismissed with prejudice, and therefore need not be addressed further here.[1]  *See* Filing No. 12 at 3.  In relation to seeking counsel for Welch, nothing has changed since his last motion for counsel was denied, *see* Filing No. 12 (filed August 24, 2023), two weeks before he filed the instant motion seeking identical relief, Filing No. 22 (filed September 6, 2023).  As nothing has changed since his prior motion to appoint counsel was denied, the motion shall be denied without prejudice for the reasons set forth in the Court's prior orders dismissing his prior motions to appoint counsel.  *See* Filing No. 9 at 30–31; Filing No. 12 at 3.

---

[1] Plaintiffs have been previously instructed that a federal court may not appoint counsel on behalf of an *entity* in a civil matter.  *See* Filing No. 9 at 30–31; Filing No. 12 at 3.  The term "person," in § 1915(e)(1), refers to natural persons not artificial entities.  Filing No. 12 at 3 (citing *Alli v. United States,* 93 Fed. Cl. 172, 182 (2010) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 202–04 (1993))).  As such, appointing counsel for a corporation, an LLC, a sole proprietorship, or any other type of legal entity is not appropriate.

### IV.  Motions to Amend and for Service of Process

On September 11, 2023, Plaintiffs filed a motion to "grant leave for service/summons/fee waivers," Filing No. 25, which was docketed as a "Motion to Amend," and on October 10, 2023, Plaintiff Welch filed a "Motion to Add Additional Defendants [and] Motion to Grant Leave to File Alternative Service of Summons Requests," Filing No. 28.  This Court construes both motions as motions for service of process and motions seeking to amend the complaint.  The motion at Filing No. 25 shall be denied, and the motion at Filing No. 28 shall be granted only to allow Plaintiffs leave to amend their complaint.

To the extent Plaintiffs seek to serve defendants with summons and a copy of the complaint, his motions are premature.  Although the Court has performed an initial review of the complaints and supplements filed into the Lead and Member cases, this Court found that "none pass[ed] initial review under 28 U.S.C. § 1915([e])(2), and therefore *none shall be able to proceed to service of process without significant amendment.*"  Filing No. 9 at 6 (emphasis added).  Until the Court performs a review of Plaintiffs' amended complaint and if upon review the Court finds any of Plaintiff's claims may proceed under 28 U.S.C. § 1915(e)(2), any motions for summons or service are premature and shall be denied without prejudice.

It also appears Plaintiffs seek to amend their Complaint in the same motions.  As an initial matter, the September 11 motion to amend is denied as moot, as Plaintiffs had already been granted leave to amend their Complaint and had through and until September 15, 2023, to do so.  Filing No. 9.  Therefore, leave to amend the complaint was not required when the September 11 motion to amend was filed.

The October 10 motion seeking leave to amend fails due to multiple deficiencies, most of which have previously been addressed by this Court in relation to Plaintiffs' other attempts at amending or supplementing their complaint.

First, in the August 17, 2023 Consolidation Order, because this Court was "unable to determine which of the named defendants were involved in any of Plaintiff's claims because Plaintiff [did] not allege any specific factual allegations that connect each defendant with any specific violations," Filing No. 9 at 28, Plaintiff was instructed to file an amended complaint into the Lead Case including:

> **[A]ll of the claims [Plaintiffs] wish to pursue against all of the defendants they wish to proceed against in the amended complaint, without relying upon or incorporating by reference any allegations made in the original complaints. Plaintiffs should be mindful to explain in their amended complaint what each defendant did to them, when and where the defendant did it, and how the defendant's actions harmed them.**

Id. at 32 (emphasis in original).

In its August 24, 2023, Order Welch was again instructed to amend his complaint[2] as he "needs to supply facts, not simple conclusions, connecting the claims alleged to the actions of each defendant, so this Court is able to determine if the facts alleged fulfill the elements of each claim," because as currently plead it was "unclear which defendants were attached to each claim." Filing No. 12 at 4. The Court reiterated:

> Welch must name all defendants, allege citizenship for each one, set forth each claim and the defendants to which he intends to bring the claim

---

[2] Because in a prior order the Plaintiffs were instructed that Welch could not "represent" WR, Filing No. 9 at 23, the Court addressed complaint amendment as to Welch only in its August 24, 2023, order. Here, as WR has been continually listed as a plaintiff on the amendments, supplements, and other filings into this case, the Court shall refer to Welch and WR together as Plaintiffs, unless a document is filed by an individual plaintiff. However, Plaintiffs are warned that such reference is not an indication that WR no longer needs to obtain counsel. To be clear, if WR is listed as a plaintiff in the amended complaint filed in compliance with this order but fails to obtain counsel, WR shall be dismissed from the case as set forth in prior orders. See e.g. Id.

against, and then set forth facts to support each claim against each defendant.

*Id.* (citing Filing No. 9 at 23–29).

And finally in its September 7, 2023 Order, the Court pointed out Plaintiffs had failed to follow this Court's prior orders instructing them to allege all claims and name all parties in a single document by filing multiple amended complaints and supplements,[3] and that such filings resulted in delays in review due to the volume and piecemeal nature of the documents filed. Filing No. 23 at 3–4. The instant motions, Filing Nos. 25 and 28, provide more of the same non-compliance.

Even after a multitude of instructions, Plaintiffs filed handwritten motions seeking in part to amend their complaint, followed by what appears to be social media profile pages with some, but not all, containing handwritten notes with words such as "libel" or "incitement of hate" on them. Filing No. 25 at 3–5; Filing No. 28 at 2–6. While it is not entirely clear why Plaintiffs have attached the various social media profile pages to the September 11 and October 10 motions, it appears from the handwritten notes on some of the pages that Plaintiff *may* intend to add claims and parties to his suit via attaching these pages.

Apparently somewhat aware of the haphazard, confusing, and unresponsive nature of his filings, Welch attempted to explain the nature of his suit to this Court in correspondence dated September 11, 2023 (apparently filed in response to the

---

[3] The Court notes that prior to the instant motion to amend filed on September 11, 2023, Plaintiffs filed an amended complaint on August 28, Filing No. 13, followed by a supplement the day after on August 29, Filing No. 14, and then a subsequent amended complaint on September 1, Filing No. 15, another supplement on that same day, Filing No. 16, and another supplement on September 5, Filing No. 18. He has since filed a supplement, Filing No. 21, in addition to the two motions to amend being addressed here.

7

September 7 Order), claiming that his case arises out of actions performed by "David Wright and his accomplices" as follows:

> In this matter; the complaint filed on September 1st, 2023 is intended to be the amended complaint for the majority of the matters that were consolidated into the lead case . . . [and the] other complaints which were filed . . . citing member cases but also filed under the lead case shall serve as supporting supplements.
>  . . .
>
> The court is aware that this matter involves an estimated count of 90 defendants named; the court is also aware this is a multi-faceted claim with issues or violations arising in business law and litigation; covering Welch Racing LLC for the concerns and torts involving Misappropriation; Business Interruption and Tortious Business Interference.
>  . . .
> The three major issues impacting my life caused by the actions of the defendants are Infringement; False Light/Invasion of Privacy/Human Rights violations and Tortious Business Interference.

Filing No. 24.

Despite Plaintiffs' attempt at clarification, Plaintiffs' correspondence does not assist in providing what this Court has repeatedly asked for: an amended complaint setting forth the names, contact, and citizenship information for each defendant, followed by the claims alleged against each defendant and facts—not simply conclusions—supporting each claim.

Plaintiffs' initial complaint was filed on a form diversity complaint, Form "Pro Se 6 (Rev. 12/16) *Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money*," the ("Form Complaint"). Filing No. 1. Although the Form Complaint filed by Plaintiffs was constructed to address diversity cases asserting claims that a defendant/defendants owes a plaintiff/plaintiffs money, which may not be entirely appropriate here, the Form Complaint does provide the basic format for a diversity complaint which Plaintiffs should follow, as well as instruction in which to do so.

For example, the Form Complaint is a "fill in the blank" type form, providing spaces for the name, job or title, street address, and contact information for each of four defendants, and more blanks allowing Plaintiffs to provide citizenship information for each of the previously named defendants.  Filing No. 1 at 2–3.  Both sections should be filled in to the best of Plaintiffs' ability.  The Form Complaint also instructs Plaintiffs to "attach an additional page [or pages] providing the same information for each additional defendant" if more than four defendants are named.  Filing No. 1 at 3–4.  In other words, if a plaintiff names more than four defendants, a plaintiff must fill in the information for the first four, and then attach a sheet or sheets continuing to number and list each defendant and provide the same information for those additional defendants as requested for the first four defendants and file the extra pages along with the form complaint.  There is no need to file a "supplement" or seek leave to name the additional defendants as the additional pages are already part of the complaint once they are filed.

After the defendants are named and their citizenship is alleged, Page 4 of the Form Complaint provides instructions for Plaintiffs to submit their statement of claims, indicating in relevant part:

> Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that causes the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  *Attach additional pages if needed.*

Filing No. 1 at 4.  The instruction contained in the Form Complaint is much like the instructions given to Plaintiffs previously by this Court, directing Plaintiffs to refrain from

simply making legal conclusions and instead describe how each defendant was involved and what each defendant did that caused Plaintiffs harm.

Put another way, the Page 4 instruction in the Form Complaint clearly states that Plaintiffs must factually connect their claims to the list of defendants provided by Plaintiffs on page 2 (and any listed on additional pages) and may not simply conclude that a specific defendant committed whatever claim they seek to bring. To be clear, Plaintiffs must name each specific defendant, describe what that specific defendant did to Plaintiffs, and how that activity caused them harm. **Plaintiffs must do this for each defendant.**

Again, this Court cannot guess regarding the nature of the claims made, or the parties being sued. Claiming that there are an estimated 90 defendants who are associates of a "David Wright" that Plaintiffs claim interfered with their business is simply not enough for this Court to discern who Plaintiffs intend to sue, for what, and when the events at issue took place.

While Plaintiffs seem wholly unwilling or unable to file a single document listing the names of all the parties Plaintiffs seek to sue, this Court will allow Plaintiffs one final attempt at compliance with this Court's orders and shall provide them with a copy of a form civil complaint to use if they choose. If Plaintiffs use the form complaint provided (or any other form complaint) to amend their complaint, Plaintiffs need to fill in the form complaint to the best of their ability and use extra pages to list all defendants, the claims against each defendant, and facts to support each claim. If the Plaintiffs do not use a form complaint, they still need to follow the basic civil complaint format, listing the names of each defendant and providing the required citizenship information to the best of their ability. Plaintiffs are warned that simply attaching a social media profile page containing

10

an individuals' name and writing the word "libel" or some other language indicating a type of claim next to it, does <u>not</u> serve to name the individual as a defendant or make an adequate claim against them.[4]

While such an undertaking is certainly time consuming with such a large number of potential defendants, it is not particularly difficult to accomplish.  It is not the Court's job to pick through a multitude of filings in a multitude of cases to try to guess who Plaintiffs intend to name as a defendant, what each defendant did to whom, and when.  As it is clear Welch is capable of performing such a task, and that Plaintiffs have the requisite information at their disposal to do so, Plaintiffs shall be allowed an additional 30 days in which to file an amended complaint consistent with this order and the prior orders of this Court.

Plaintiffs are reminded that any amended complaint filed in compliance with this order shall replace and fully supersede any prior complaints, supplements, and amendments filed.  Put another way, if an amended complaint is filed by Plaintiffs in compliance with this order, any prior complaints, supplements, and amendments filed and the defendants, including any claims and facts alleged in them will **<u>not</u>** be considered by this Court when conducting its review under 28 U.S.C. § 1915(e)(2), to determine if summary dismissal is appropriate or if any of the claims/defendants may proceed.

IT IS THEREFORE ORDERED:

1.     The Clerk of Court is instructed to terminate the following pending motions filed into the Member Cases: 4:23-CV-3134, Filing No. 13, 4:23-CV-3135, Filing No. 13,

---

[4] In such an instance Plaintiffs would need to formally name the individual as a defendant, provide contact information and citizenship information as best as possible, and following their libel claim, describe what that defendant did that constituted libel.

8:23-CV-305, Filing No. 16, 8:23-CV-306, Filing No. 16, 4:23-CV-3139, Filing No. 13, 4:23-CV-3141, Filing No. 13, 4:23-CV-3142, Filing No. 13, 4:23-CV-3147, Filing No. 15, 4:23-CV-3149, Filing No. 14, and 4:23-CV-3150 Filing No. 12, in accordance with this Court's Prior orders, *see e.g.* Filing No. 9 at 32. **Plaintiffs are reminded to include only the Lead Case number, 4:23-CV-2128, on any document submitted for filing in the Lead Case.** The Member Cases have been administratively closed. Any filings into those cases shall not be substantively addressed by this Court.

2.      The "Motion to: Exclude/Closely Monitor Issue Gag Order," Filing No. 20, is denied in part and granted in part. To the extent Plaintiffs seek sealing of any correspondence filed by Plaintiffs into this case the motion shall be denied without prejudice. However, Plaintiffs' motion is granted to allow the redaction of Plaintiffs' address from the dockets of the Lead and Member Cases. The Clerk of Court is instructed to redact Plaintiffs' addresses from the docket of the Lead and Member Cases.

3.      The motion to appoint counsel, Filing No. 22, shall be denied without prejudice as to Plaintiff Welch only. To the extent Plaintiffs intended to also seek counsel for Plaintiff WR, as that relief was previously dismissed with prejudice by this Court, such a request is not properly before this Court and is not considered further here.

4.      The motion to "grant leave for service/summons/fee waivers," Filing No. 25, which was docketed as a "Motion to Amend," is denied without prejudice. The Court shall consider the documents filed in Filing No. 25, as supplements to the amended complaint, Filing No. 15.

5.      The "Motion to Add Additional Defendants [and] Motion to Grant Leave to File Alternative Service of Summons Requests," Filing No. 28, is denied without prejudice

12

as premature to the extent Plaintiff seeks leave to serve process. The Court shall consider the documents filed in Filing No. 28 as supplements to the amended complaint, Filing No. 15.  The motion is, however, granted to allow Plaintiff an additional thirty days to file an amended complaint that complies with this order and the prior orders of this Court. Plaintiff is instructed that any failure to comply with this order shall result in the Court performing a secondary review of the following documents in this case which this Court considers Plaintiffs first amended complaint and supplements thereto: Filing Nos. 13, 14, 15, 16, 18, 21, 25, and 28.  Plaintiffs are further instructed that if they require additional time to comply with this order they must file a motion to extend prior to the expiration of the deadline for compliance.

6.   The Clerk of Court is further instructed to send Plaintiff a copy of the Form Pro Se 1, *Complaint for a Civil Case*.

7.   The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **January 2, 2024:** Check for amended complaint.

Dated this 1st day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge