IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH, and WELCH RACING,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID WRIGHT, ET.Al.,<br><br>Defendants. | **4:23CV3128**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiffs' motions to file by email, fax, or electronic means, Filing Nos. 58 & 61, and a motion to extend the deadline to comply with this Court's Memorandum and Order granting him leave to supplement his Amended Complaint by February 17, 2026 (the "Motion to Extend"). Filing No. 60. The motions shall be denied as set forth herein.

## I. THE MOTIONS TO FILE VIA FAX, EMAIL, OR ELECTRONICALLY

Regarding Plaintiffs' motions to file by electronic means, email, or fax, Filing Nos. 58 & 61, the motions shall be denied.

To the extent the Court has accepted any of Plaintiffs' faxed or emailed filings in the past, the Court will grant Plaintiffs' motions only with respect to the faxed or emailed pleadings already filed in this case as of the date of this order.[1] However, Plaintiffs are advised that, to the extent this Court accepted any faxed or emailed submissions in the past, pursuant to the Court's local rules "[a] document faxed or e-mailed to the clerk or assigned judge is not considered filed without a court order." NECivR 5.1(d). As such,

---

[1] As Plaintiffs have filed multiple cases in this Court, frequently asking for multiple exceptions to various federal and local rules in the process, *see, e.g.*, Filing No. 56 (seeking free copies of filed documents in this case), this Court declines to search the plethora of Plaintiffs' filings to determine if Plaintiffs have already been instructed on this issue.

Plaintiffs are hereby notified that the Court **will not accept any further faxed or emailed documents they submit for filing in this case or otherwise and the Court will take no action on any documents Plaintiffs fax or email to the Court from the date of this Memorandum and Order going forward.**  All future filings Plaintiffs make into this case must be made via hand delivery, United States postal mail, or by registering for electronic case filing ("CM/ECF") access, which is addressed further below.

To obtain electronic filing access, Plaintiffs should follow the instructions in NEGenR 1.3(b) which provides:

(b) **Registration for CM/ECF**.

(1)     **District Court Registration**.

Before electronically filing a document with the court, an attorney must register with PACER at the following web address: www.pacer.gov.  A pro se party, *i.e.*, one not represented by an attorney, to a pending civil case may register with PACER at the following web address: www.pacer.gov.  Registration constitutes a party's consent to electronic service and waiver of the right to service by personal service or first class mail.  Once registration is complete, a login and password are issued by PACER and serve as part of the user's electronic signature on documents filed on the System.  *See* NECivR 11.1; NECrimR 49.2.

Plaintiffs, thus, must register for electronic filing access through PACER.  As Plaintiffs have not complied with NEGenR 1.3(b), Plaintiffs' Motions, Filing Nos. 58 & 61, are denied without prejudice to Plaintiffs seeking electronic filing access through the appropriate process.

## II.  MOTION TO EXTEND TIME TO FILE SUPPLEMENT

In their Motion to Extend Plaintiffs yet again seek additional time to file a supplement to their amended complaint in this case.  As cause Plaintiff Brendan Welch

("Plaintiff Welch") submits he has been ill, and has financial and logistical problems, and that he needs additional time to "finish online research and add harassing mail counts" to the supplement. Filing No. 60 at 1. The Motion to Extend shall be denied.

This matter was initially filed on July 14, 2023. *See* Filing No. 1. Since that time Plaintiffs have been instructed to amend their complaint on multiple occasions, have filed numerous amendments and supplements to their complaint, *see* Filing Nos. 13, 14, 15, 16, 18, 21, 25, 28, & 42, have received numerous extensions in which to do so, as well as copious information from this Court on pleading requirements, compliance, and filing requirements generally, *see e.g.* Filing No. 9 (consolidating cases and allowing amendment), Filing No. 23 (denying multiple motions, discussing pleading requirements and warning Plaintiffs that continuing to file deficient motions shall result in filing restrictions), Filing Nos. 30, 39, 41, 50, & 55 (granting extensions to amend or supplement their complaint). In response to their most recent motion for an extension, Plaintiffs were given until January 30, 2026, to file their supplement or amendment, Filing No. 55, and then, in response to their Motion for Copies, Filing No. 56, this Court sua sponte granted Plaintiff an additional 15 days to supplement or amend, with the express warning that no additional extensions would be granted without a showing of exceptional circumstances, *see* Filing No. 57.

In a nutshell, two and a half years have passed since this case was initiated and Plaintiffs have yet to proceed beyond initial review to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) as required. Plaintiff Welch has sought prior extensions due to needing to add claims and defendants, a lack of finances, housing problems/homelessness, and incarceration. *See e.g.* Filing Nos. 34, 40, & 54.

The current Motion to Extend simply repeats prior issues as cause for another extension which are not exceptional and instead appear to be the norm for Plaintiff Welch.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Motion to Extend, Filing No. 60, is denied without prejudice. Plaintiffs must file their amended complaint or supplement no later than February 17, 2026, in compliance with this Court's Memorandum and Order dated January 16, 2026, Filing No. 57, unless Plaintiffs file a motion to extend the deadline for compliance alleging exceptional circumstances. **Plaintiffs are further warned that failure to file an amended complaint or supplement by the February 17, 2026, deadline shall result in this Court proceeding to initial review of the Amended Complaint at Filing No. 42 to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). Any amendment or supplement filed after the February 17, 2026, deadline without an extension being granted shall not be considered by this Court.**

2. Plaintiffs' motions to file by electronic means, email, or fax, Filing Nos. 58 & 61, are denied without prejudice. Plaintiffs are advised that the Court **will not accept any further faxed or emailed documents they submit for filing in this case or otherwise and the Court will take no action on any documents Plaintiffs fax or email to the Court from the date of this Memorandum and Order going forward.** Plaintiffs are also hereby notified that all future filings they make into this case must be made via hand delivery, United States postal mail, or by registering for electronic case filing access.

3. Plaintiffs are further warned that "[p]ro se litigants have the same duties and responsibilities to know and understand legal procedures as an attorney and 'must follow the same rules of procedure that govern other litigants.'" *See Cleveland v. Palmer*, No.

4

2:24-CV-00511-CDS-DJA, 2024 WL 3070113, at *2 (D. Nev. June 20, 2024) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).  Therefore, the responsibility to know and comply with the local and federal rules of this Court lies with Plaintiffs.  **Any failure to comply with such rules in Plaintiffs' future filings, to the extent they are deemed by this Court as not undertaken in good faith, may result in those filings being stricken or summarily denied.**

4.   Plaintiffs are further advised that the Court shall conduct its initial review of either the Amended Complaint at Filing No. 42 and/or an amended complaint or supplement filed in compliance with this Memorandum and order pursuant to 28 U.S.C. § 1915(e)(2) in its normal course of business.

Dated this 11th day of February, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

5