IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRENDAN WELCH, and WELCH RACING, LLC;

Plaintiffs,

vs.

DAVID WRIGHT, et. al.,

Defendants.

**4:23CV3128**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' "Motion for Reconsideration; Motion to Extend the Deadline for Compliance Alleging Exceptional Circumstances; Notice to the Court" (the "Motion"), filed on February 19, 2026, Filing No. 64, and a supplement filed on March 9, 2026 (the "Supplement"), Filing No. 65. For the reasons that follow, Plaintiffs' Motion shall be granted to the extent the Court shall consider the Supplement when performing its initial review of their Amended Complaint at Filing No. 42.

In the Motion, Plaintiffs seek reconsideration of this Court's prior Memorandum and Order denying further extension of the February 17, 2026, deadline to file a supplement to the Amended Complaint, or alternatively an extension of that same deadline, arguing exceptional circumstances apply which should allow their untimely filing to be considered, Filing No. 64. Plaintiffs argue that although the Motion was filed after the deadline to supplement, they emailed this Court prior to the deadline's expiration in an attempt to provide notification of filing difficulties, lack of funds to print the Supplement for filing, and a lack of transportation (presumably) to the courthouse or to somewhere to print the Supplement when completed. *Id.* at 2. The remainder of the Motion simply reiterates

Plaintiffs' allegations and claims, providing cause for the need to continue to supplement the Amended Complaint. *Id.* at 2-3.

As an initial matter, although this Court explicitly warned Plaintiffs in its Memorandum and Order on February 11, 2026, that the Court will not accept any further faxed or emailed documents they submit for filing in this case, that the Court would take no action on any documents Plaintiffs fax or email to the Court, and that all future filings they make into this case must be made via hand delivery, United States postal mail, or by registering for electronic case filing access, *see* Filing No. 62, Plaintiff Brendan Welch ("Welch") blatantly disregarded this warning.  Instead, Welch continued to email the Court, sometimes multiple times per day following the entry of the February 11 Memorandum and Order and admits to doing so in the Motion. *See* Filing No. 64 at 1-2.

While this Court does not wish to reward such behavior, the Court shall consider the Supplement when performing its initial review of the Amended Complaint.  However, Plaintiffs are again warned that **the Court shall take no action on any documents Plaintiffs fax or email to the Court and all future filings they make into this case must be made via hand delivery, United States postal mail, or by registering for electronic case filing access as set forth in the February 11 Memorandum and Order**.  **Plaintiffs' flooding of the Court's inbox with correspondence, notifications of future filings, and drafts simply wastes judicial resources and shall not be considered or otherwise responded to.**

IT IS THERFORE ORDERED THAT:

1. The Motion, Filing No. 64, is granted to the extent the Court shall consider the Supplement, Filing No. 65, when performing its initial review of the Amended Complaint at

2. **Plaintiffs shall not file any further supplements or amendments to their Amended Complaint without leave of Court, which must be made by written motion filed into this case as discussed in this Memorandum and Order and in the February 11 Memorandum and Order,** *see* **Filing No. 62, or they will be stricken without further consideration.**

3. The initial review of the Amended Complaint and Supplement shall be performed by this Court pursuant to 28 U.S.C. § 1915(e)(2) in its normal course of business.

Dated this 17th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge